# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

DONALD W. BIGGS, )
)
    Petitioner, ) C. C. A. NO. 02C01-9901-CC-00017
)
vs. ) LAKE COUNTY
)
STATE OF TENNESSEE, ) No. 98-7865
)
    Respondent. )

FILED

July 7, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

## O R D E R

This matter is before the Court upon motion of the state to affirm the judgment of the trial court by order rather than formal opinion. See Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the trial court's dismissal of the petitioner's petition for writ of habeas corpus. On December 17, 1992, the petitioner pled guilty to second degree murder and was sentenced to thirty-five years as a standard range I offender. On March 30, 1993, the trial court filed an amended judgment sentencing the petitioner as a range II offender. No appeal was taken from either judgment. In his present petition, the petitioner claims that his conviction and sentence is void because he did not receive notice of the amended judgment. The trial court found that the petitioner was not entitled to habeas corpus relief and dismissed the petition.

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired.

Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (emphasis added). The petitioner's sentence has not expired. Additionally, the judgment clearly establishes that the convicting court had jurisdiction over this case. The petitioner's claim, if meritorious, would merely make the amended judgment voidable, not void. See Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994). The trial court properly determined the

petitioner is not entitled to relief in this instance. The petitioner raises for the first time on appeal that he received ineffective assistance of counsel during his guilty plea. Despite being waived, this issue is not an appropriate matter for habeas corpus review.

Accordingly, for the reasons stated above, it is hereby ORDERED that the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this appeal shall be taxed to the state.

_____
JOE G. RILEY, JUDGE

_____
DAVID G. HAYES, JUDGE

_____
JOHN EVERETT WILLIAMS, JUDGE